**IN THE UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT  OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Government, | § | |
| | § | |
| VS. | § | **CASE NO. 2:01-CR-59-1-J** |
| | § | |
| **CHARLIE KING MEZA,** | § | |
| | § | |
| Defendant. | § | |

================================================================

**REVOCATION**

MAY 26, 2011

VOLUME I OF I

================================================================

On the 26th day of May 2011, a Revocation Hearing in the above-entitled and numbered cause came on to be heard before the **Honorable Mary Lou Robinson**, United States District Judge for the Northern District of Texas, presiding.

Proceedings reported by mechanical stenography; transcript produced by computer.

Stacy Mayes Morrison
Official Court Reporter

**VOLUME I (PAGES 1 - 13)**

PROCEEDINGS FOR MAY 26, 2011

                                                              PAGE

CAPTION....................................................    1

INDEX......................................................    2

APPEARANCES................................................    3

REVOCATION PROCEEDINGS.....................................    4

READING OF THE MOTION TO REVOKE SUPERVISED RELEASE.........    4

DEFENDANT'S PLEA...........................................    7

COURT'S EXAMINATION OF DEFENDANT...........................    7

COURT REVOKES SUPERVISED RELEASE...........................    8

ARGUMENT ON SENTENCING BY MR. KING.........................    9

PRONOUNCEMENT OF SENTENCE..................................   10

DEFENDANT REMANDED.........................................   12

REPORTER'S CERTIFICATE.....................................   13

Stacy Mayes Morrison
Official Court Reporter

                          A-P-P-E-A-R-A-N-C-E-S


FOR THE GOVERNMENT:        MS. CHRISTY DRAKE
                           Assistant United States Attorney
                           500 South Taylor, LB 238
                           Amarillo, Texas  79101-2442




FOR THE DEFENDANT:         MR. MICHAEL L. KING
                           Assistant Federal Public Defender
                           1205 Texas Avenue, Room 506
                           Lubbock, Texas  79401




COURT REPORTER:            MS. STACY MAYES MORRISON
                           Official Court Reporter
                           205 E. 5th, LB #F13263
                           Amarillo, Texas  79110
                           (806) 672-6219

PROCEEDINGS FOR MAY 26, 2011

(The following took place in open court with the defendant present.)

THE COURT:  I'll call 2:01-CR-59(1), the United States of America versus Charlie King Meza on the Motion to Revoke Supervised Release.

MS. DRAKE:  The Government's ready.

MR. KING:  Mr. Meza is present and ready, Your Honor.

THE COURT:  Are you Charlie King Meza?

THE DEFENDANT:  Yeah.

THE COURT:  Listen to the reading of the Motion to Revoke Supervised Release.

MS. DRAKE:  "The Defendant, Charlie King Meza, upon conviction for Bank Robbery, aiding and abetting, in violation of 18 U.S.C. Sections 2113(a) and (d) and 2, was sentenced on April 19th, 2002 to 105 months imprisonment and a five-year term of supervised release.  On June 4th, 2009, the Defendant was released from custody and placed on supervised release with certain conditions of supervised release.

I.

"Conditions of the Defendant's supervised release provide:

"The Defendant shall not commit another federal, state or local crime.

"The Defendant shall not illegally possess a controlled substance.

"The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

"The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

"The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

"Pursuant to the Mandatory Victims Restitution Act of 1996, the Defendant shall make restitution in the amount of $13,615.30, payable to the U.S. District Clerk for disbursement to Bank One -- Bank of America, Dallas, Texas.  Payment shall begin while the Defendant is incarcerated, and the balance shall be payable through monthly installments of at least $100.  Further, pursuant to 18 U.S.C. Section 3612(f)(3), the Court shall waive interest on the restitution.  The Defendant is jointly and severally

responsible for full restitution with Milo Cradale Williams and $1,951.35, with the Defendant adjudicated in juvenile Case No. 7994-J#1 Potter County, Texas.

"The Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

"The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

II.

"Defendant, Charlie King Meza, violated these conditions in that:

1.    "In or about March 2011, he used and possessed methamphetamine, an illegal controlled substance.

2.    "On or about January 5th, 2011, he failed to report to the U.S. Probation Office in Amarillo, Texas, as instructed.

3.    "On or about April 2nd, 2011, the Defendant failed to attend a counseling session as instructed.

4.    "On or about April 2nd, 2011, the Defendant failed to provide a urine specimen as instructed.

5.    "On or about April through July 2010, September through December 2010, and January through March 2011, the Defendant failed to make restitution payments.

6.    "On or about March 2011, the Defendant submitted an untruthful monthly report wherein he stated his last employment date at Express Lane in Dalhart, Texas, was March 28th, 2011, when in truth and in fact, as he well knew, his last date of employment was March 9th, 2011.

"Wherefore, the United States respectfully requests that the supervised release of the Defendant be revoked and his sentence be served as provided by law."

THE COURT:  You've heard the reading of the Motion to Revoke Supervised Release.  How do you plead?

THE DEFENDANT:  True.  It's true.

THE COURT:  Raise your hand and be sworn.

(The defendant was sworn by the courtroom clerk.)

THE COURT:  Mr. Meza, has anyone threatened you or tried in any manner whatsoever to force you to plead true to the allegations of the Motion to Revoke Supervised Release?

THE DEFENDANT:  No, ma'am.

THE COURT:  Did you enter that plea of true because the allegations are true, and did you do that because they are

true and not for some other reason?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And did you do that freely and voluntarily?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  All right.  On the basis of your statement to me, I'm going to find that you violated the conditions of supervised release.  I will revoke the supervised release.

Is there any reason why the Court should not proceed to consider sentencing at this time?

MS. DRAKE:  There is no reason.

MR. KING:  No, Your Honor.

THE COURT:  Does the Government have evidence on the question of sentencing?

MS. DRAKE:  No evidence, Your Honor.

THE COURT:  Does the Defendant have evidence on the question of sentencing?

MR. KING:  No evidence, Your Honor, only a brief argument.

THE COURT:  Mr. Meza, do you wish to make a statement to the Court?

THE DEFENDANT:  No, ma'am.

THE COURT:  If you wish to do so, you have a right to do that, and the Court will consider what you have to say.

THE DEFENDANT:  No, Your Honor.

THE COURT:  Does the Government wish to be heard in argument?

MS. DRAKE:  No, Your Honor.

THE COURT:  Counsel, do you wish to be heard in argument?

MR. KING:  Just briefly, Your Honor.

THE COURT:  Would you use the podium, please.

MR. KING:  Yes, Your Honor.

Your Honor, when Mr. Meza was released, he released to Plano, Texas, speci -- the Dallas/Fort Worth area.  While he struggled to maintain suitable and stable employment and he struggled with where he was living and whom he was living with, he remained drug free and remained essentially out of trouble, Your Honor.

At a point, Mr. Meza makes the decision to return home and to return to Dalhart, Texas.  When he returns to Dalhart, Texas, he found that all of the negative influences that he had grown up around still remained in Dalhart, and at that time, Your Honor, is when we see Mr. Meza continue in the ways that he was participating in prior to his original sentence.

Mr. Meza's plan is to not return to Dalhart after he's released after this instance of incarceration this Court imposes.  He plans on staying away from this area, which is

his home.  However, he recognizes now that -- that it is a bad influence on him and is not -- does not assist him on reintegrating into society.  We would request that this Court take that into consideration in determining the appropriate sentence.

Additionally, Your Honor, Mr. Meza would request a non-binding recommendation to FMC Fort Worth as that's near to the area which he wishes to release to again, Your Honor.

Additionally, and, finally, Your Honor, we would request a sentence of ten months, which is within the Chapter Seven advisory guideline range with the recommendation of -- on the revocations of supervised release.  And that's all, Your Honor.

THE COURT:  Is there any reason why the Court should not now proceed to sentencing?

MS. DRAKE:  There is no reason.

THE COURT:  Charlie King Meza, it is the judgment of this Court that you be committed to the custody of the Federal Bureau of Prisons for a period of thirty months.

The Court does not impose a fine.

The Court does order that you pay the outstanding restitution balance of $12,004.69.

The Court orders that, upon your release from incarceration, you be placed on supervised release for a term of thirty months on the following conditions:

You shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. You shall not illegally possess a controlled substance.

You shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and comply with the following additional conditions:

You shall not possess a firearm, destructive device, or any other dangerous weapon.

You shall report to the probation office in the district to which you are released within seventy-two hours of release from the custody of the Federal Bureau of Prisons.

You shall participate in a program, inpatient or outpatient, approved by the U.S. Probation Office for treatment of narcotic, drug or alcohol dependency, which will include testing for the detection of substance use and abuse.

You shall abstain from the use of alcohol and all other intoxicants during and after completion of treatment. You shall contribute to the costs of services rendered a co-payment at the rate of at least $5 a month.

You shall participate in mental health treatment services as directed by the probation officer until successfully discharged, and these services may include medications prescribed by a licensed physician.  You shall contribute to the costs of services rendered a co-payment at the rate of at least $5 a month.

And pursuant to the Mandatory Victims Restitutions Act, you will pay restitution as the Court has ordered.

You shall refrain from incurring new credit card charges or opening additional lines of credit without approval of the probation officer, and you shall provide to the probation officer any requested financial information.

The Court considered the policy statement, but has imposed thirty months' custody to the Federal Bureau of Prisons. And I will recommend that you be given an opportunity to participate in the Comprehensive Drug Treatment Program in the penitentiary. And it's necessary for me to give you a sentence of approximately that length in order to be sure you have an opportunity to participate in that. And the -- it takes some time to get in the program, and it takes that time.

I -- you should pay the restitution because you should pay for what -- the damage that you caused.

The Court orders additional supervised release because you'll require that supervision and assistance once you're released from custody.

I'll remand the Defendant to the custody of the Marshal at this time.

**(End of Revocation Proceedings for 05/26/2011.)**

Stacy Mayes Morrison
Official Court Reporter

* * * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.  I further certify that the transcript fees format comply with those prescribed by the Court and the Judicial Conference of the United States.


s/Stacy Mayes Morrison            7/11/2011
Stacy Mayes Morrison              Date
Official Court Reporter